MATTHEW Q. CALLISTER, ESQ.  
Nevada Bar No. 001396  
mqc@call-law.com  
**THOMAS N. BECKOM, ESQ**  
Nevada Bar No. 12554  
beckomt@call-law.com  
**CALLISTER + ASSOCIATES, LLC**  
823 Las Vegas Boulevard South, Fifth Floor  
Las Vegas, NV 89101  
Telephone No.:(702) 385-3343  
Facsimile No.: (702) 385-2899  
*Attorney for Sunray Petroleum*

E-FILED: June 28, 2012

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

SUN RAY PETROLEUM INC,

Debtor.

_____

SUNRAY PETROLEUM, INC

Plaintiff,

v.

DAVID MICHAEL FLYNN,

Defendant

Case No.:   11-19196-lbr

Chapter :   11

**SUNRAY PETROLEUM, INC'S ADVERSARY COMPLAINT**

SUNRAY PETROLEUM (hereinafter referred to as "**SUNRAY**"), by and through its undersigned attorney, MATTHEW Q. CALLISTER, ESQ and THOMAS N. BECKOM, ESQ hereby complains and avers as follows:

## PARTIES

1. SUNRAY PETROLEUM, INC. Is, and at all times relevant was, a Nevada Domestic Corporation.

2. Upon information and belief, DAVID MICHAEL FLYNN is, and at all times relevant was, an individual domiciled in Texas.

## JURISDICTION AND VENUE

3. These claim are related to the above-captioned Chapter 11 case, and are brought pursuant to Federal Rule of Bankruptcy Procedure 7001(2).

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334(b).

5. This is a core proceeding under 28 U.S.C. §157(b)(2)(K) insofar as it seek the Court's determination as to the validity, extent, and priority of David Michael Flynn's liens.

6. Venue is proper in this district pursuant to 28 U.S.C. §1408.

7. SUNRAY consents to entry of final judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

8. On or about March 31, 2010 Sunray guaranteed a loan for Mainstream Ventures in an amount of $125,000.00 (henceforth "Subject Contract") between David Michael Flynn and Mainstream Ventures. *See* POC 24

9. This guarantee was supported by a security interest in many of the assets of Sunray.

10. Mainstream Ventures, Inc was a start up business that marketed and sold a line of powered energy drinks under the brand "ZizZazz."

11. The terms of the loan included, *inter alia*, that Mainstream was to repay the loan in full within 1 year with twenty percent interest.

12. Upon information and belief, Mainstream Ventures was ultimately acquired by Global Business Marketing.

13. Global Business Marketing assumed control of all assets of Mainstream Ventures and was assigned all contracts by Mainstream Ventures including the above mentioned Subject Contract.

14. Upon information and belief David Michael Flynn had sole operational control of Global Business Marketing, including the repayment terms of the Subject Contract.

15. Upon information and belief, Global Business Marketing (henceforth"GBM"), under the sole control of Flynn, failed to repay the Subject Contract.

16. Upon information and belief, David Michael Flynn subsequently pursued Sunray for the default of the note knowing that Flynn was the sole cause of Mainstream/ GBM's default of the contractual agreement.

17. On or about February 22, 2011 Flynn filed a UCC-1 lien on Sunray's assets stemming the above

CALLISTER + ASSOCIATES
823 Las Vegas Blvd., South
Fifth Floor
Las Vegas, Nevada  89101
(702) 385-3343

mentioned loan transaction. *See* POC 24

18. Sunray never received any benefit from this contractual agreement and therefore the guaranty was not supported by any consideration.

19. On October 11, 2011 Flynn filed a proof of claim stemming from the above mentioned transaction. *See* POC 24

20. Sunray now brings this instant adversary proceeding in an attempt to invalidate both Flynn's Proof of Claim and Flynn's UCC-1 Lien on Sunray's assets as being allegedly fraudulent.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

21. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint, and further allege as follows:

22. As set forth above, Mainstream and Flynn entered into an agreement that was guaranteed by Sunray.

23. Flynn breached the agreement when he assumed control of Mainstream through GBM and failed to repay the note for his own benefit.

24. As a direct and proximate result of the breach of the agreement by the Defendant, Sunray has suffered damages in an amount in an amount to be determined at trial.

25. Sunray has been required to retain an attorney and are entitled to an award of attorneys' fees and costs incurred by Sunray as a result thereof.

**SECOND CAUSE OF ACTION**
**(Tortious Breach of the Covenant of Good Faith and Fair Dealings)**

26. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as though set forth herein, and further alleges, as follows.

27. That Defendants had a contract with Mainstream Ventures that was guaranteed by Sunray.

28. That Defendants failed to cooperate in good faith with the Sunray in order to perform on this contract when they assumed the rights of the contract through GBM and then subsequently failed to repay the loan in order to pursue Sunray.

29. That as a result of Defendant's breach of the covenant of good faith and fair dealings Sunray has been damaged in an amount to be determined at trial.

CALLISTER + ASSOCIATES
823 Las Vegas Blvd., South
Fifth Floor
Las Vegas, Nevada 89101
(702) 385-3343

30. That the Plaintiffs has been forced to retain the services of an attorney to prosecute this action, and a reasonable sum should be allowed as and for attorney's fees and costs incurred.

### THIRD CAUSE OF ACTION
### (Declaratory Relief)

31. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as though set forth herein, and further alleges, as follows.

32. That Plaintiffs, the Sunray, and Defendant, Flynn, have a justiciable controversy concerning the contractual obligations of the Defendants and the validity of the Proof of Claim filed by Defendant as well as the validity of the UCC-1 lien on Sunray's assets.

33. That Plaintiffs, Sunray, and Defendant, Flynn, are adverse parties with adverse interests regarding said controversy.

34. That the Plaintiffs have a legal interest in the aforementioned controversy.

35. That the issues in said controversy are ripe for judicial decision in that Plaintiff seeks the invalidation of Flynn's Proof of Claim and to have Defendant's UCC-1 filing removed from Plaintiff's assets.

36. As such, Plaintiffs are entitled to recover punitive damages in an amount to be determined at trial.

37. Sunray has been required to retain an attorney and are entitled to an award of attorneys' fees and costs incurred by the Sunray as a result thereof.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

38. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as though set forth herein, and further alleges, as follows.

39. That Defendant, Flynn, benefitted from the default of GBM on the Subject Contract in that forcing a allegedly self serving default allowed Defendant's to pursue the assets of Sunray.

40. That the Defendant, Flynn, used and appreciated the benefits of the allegedly forced default of Mainstream/ GBM in that they were able to pursue Sunray's assets.

41. Given these circumstances, it would be inequitable for Flynn to file a Proof of Claim and retain a UCC-1 filing against Sunray's assets.

CALLISTER + ASSOCIATES
823 Las Vegas Blvd., South
Fifth Floor
Las Vegas, Nevada 89101
(702) 385-3343

Page 4 of 5

42. That as a result of Flynn's unjust enrichment Sunray has been damaged in an amount to be determined at trial.

43. That Plaintiff has been forced to retain the services of an attorney to prosecute this action, and a reasonable sum should be allowed as and for attorney's fees and costs incurred.

WHEREFORE Sunray prays for judgment against Defendants as follows:

    A. For a determination that the Proof of Claim of David Michael Flynn is not allowed under the Bankruptcy Code

    B. For a determination that the UCC-1 filing is not allowed under the Bankruptcy Code and/or Article 9 of the Uniform Commercial Code.

    C. For Damages stemming from both the allegedly fraudulent UCC-1 filing and the alleged breaches stemming from the self serving assignment of the Subject Contract

    D. For attorneys fees and costs associated with filing this action

    E. Any other relief the court may deem proper

DATED this 28th day of June, 2012.

    Respectfully Submitted,

    BY: /s/ Thomas N. Beckom
        Matthew Q. Callister, Esq.
        Nevada Bar No. 001396
        Thomas N. Beckom, Esq
        Nevada Bar No 12554
        823 Las Vegas Blvd., South, Suite 500
        Las Vegas, NV 89101
        Attorney for Debtor

CALLISTER + ASSOCIATES
823 Las Vegas Blvd., South
Fifth Floor
Las Vegas, Nevada  89101
(702) 385-3343

Page 5 of 5